154 P.3d 550)
No. 95,602

KEITH FOWLER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed March 30, 2007.

*Jessica J. Travis*, of Cornwell, Erickson, Travis, Breer & Scherff, of Olathe, for appellant.

Frank E. Kohl, county attorney, and *Phill Kline*, attorney general, for appellee.

Before GREENE, P.J., CAPLINGER, J. and BRAZIL, S.J.

GREENE, J.: Keith Fowler appeals the district court's summary denial of his K.S.A. 60-1507 motion, arguing that this court's prior refusal to docket his direct appeal out of time should not bar his postconviction motion seeking the same relief. We agree with Fowler, reverse the district court, and remand with directions.

### Factual and Procedural Background

On November 15, 2002, Fowler entered a plea to a single count of manufacture of methamphetamine in exchange for dismissal of all other pending charges. On February 10, 2003, he was sentenced for a severity level 1 drug felony to 138 months' imprisonment. At his request, a notice of appeal was timely filed on February 18, 2003, but the appeal was never docketed by his counsel. In numerous contacts thereafter by Fowler and his family, his counsel assured him that the appeal was "pending."

On February 12, 2004, under new representation, Fowler filed a motion to correct illegal sentence seeking relief under *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004). The court denied

Fowler's motion on the grounds that *McAdam* should not be applied retroactively, and Fowler timely appealed. Ultimately, that appeal was voluntarily dismissed by Fowler contemporaneous with the filing of his 60-1507 motion in 2005.

On August 5, 2004, Fowler filed a motion to docket his appeal out of time alleging that trial counsel failed to docket the appeal contrary to his request and that he never consented to withdraw his direct appeal. This court denied his motion on August 19, 2004. Fowler then submitted a petition for review by the Kansas Supreme Court arguing that *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), and the principles of fundamental fairness should permit him to docket his appeal out of time. On January 19, 2005, the Supreme Court denied his petition for review.

On September 22, 2005, the district court conducted a hearing on Fowler's 60-1507 motion to determine whether Fowler was entitled to relief based on ineffective assistance of counsel. On October 31, 2005, the district court issued a written order finding that although trial counsel failed to docket Fowler's appeal, the appeal was without merit because he entered his plea prior to *McAdam* and it was unlikely that his appeal would have taken more than 11½ months to decide. The district court denied Fowler's 60-1507 motion because Fowler would have had no basis for a direct appeal and therefore *Ortiz* did not apply. Fowler timely appeals.

Prior to oral argument, this court ordered the parties to brief the issue whether the district court should be summarily affirmed based on res judicata.

### Does the Doctrine of Res Judicata Bar Relief on Fowler's 60-1507 Motion?

Because Fowler's prior motion to docket his appeal out of time argued that his counsel had been ineffective in failing to docket his appeal timely, this court must determine whether the denial of that motion serves to bar relief pursuant to Fowler's 60-1507 motion based on the principles of res judicata. Whether the doctrine applies in a given situation is a question of law requiring a de novo determination by an appellate court. *Stanfield v. Osborne Indus-*

*tries, Inc.*, 263 Kan. 388, Syl ¶ 1, 949 P.2d 602 (1997), *cert. denied* 525 U.S. 831 (1998).

"Res judicata (claim preclusion) prevents relitigation of previously litigated claims and consists of the following four elements: (1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits. [Citations omitted.]" *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 413, 49 P.3d 1274, *cert. denied* 537 U.S. 1088 (2002). Similarly, the elements of collateral estoppel, or issue preclusion, include (1) a prior judgment on the merits which has determined the rights and liabilities of the parties on the issue; (2) the parties are in privity; and (3) the litigated issue must be necessary to support the prior judgment. *State v. Chatagnier*, 27 Kan. App. 2d 307, 310-11, 3 P.3d 586, *rev. denied* 269 Kan. 935 (2000). The last of the elements of these doctrines has been somewhat unified and embellished as follows:

"[T]he doctrine of res judicata is held not to apply to issues raised in the previous case which were not decided by the court or jury. Hence, the doctrine of res judicata does not preclude relitigation of an issue raised by the pleadings in the prior action, but not considered either by stipulation of the parties or otherwise." *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 691, 751 P.2d 122 (1988).

Here, the parties either concede or have convinced us that most of the elements of either doctrine are present. Comparing the motion to docket an appeal out of time and the 60-1507 motion, the parties are the same, the same claims were made, and there was finality after our Supreme Court denied a petition to review this court's denial of the motion to docket an appeal out of time. For purposes of barring the relitigation of the ineffective assistance of counsel claim, however, Fowler argues that he never had an opportunity to litigate this claim on its merits and that determination of this issue was not necessary to support the prior judgment. We agree.

The appellant's obligation to timely docket an appeal arises from an appellate rule of this court rather than a statutory mandate. Although the timely filing of a notice of appeal is jurisdictional (see K.S.A. 60-2103[a]; *Brown v. Brown*, 218 Kan. 34, 38, 542 P.2d 328

[1975]), most of the subsequent steps in prosecuting an appeal are generally provided by appellate rule and are enforceable as this court deems appropriate in its discretion.

"Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this chapter, or when no remedy is specified, for such action as the appellate court having jurisdiction over the appeal deems appropriate, which may include dismissal of the appeal." K.S.A. 60-2103(a).

When the motions panel of this court acts on a motion to docket an appeal out of time, the court is empowered to impose the sanction of dismissal in its discretion as a matter of rule enforcement; in other words, if the 21-day docketing requirements of Supreme Court Rule 2.04 (2006 Kan. Ct. R. Annot. 11) are not met, this court may dismiss the appeal as untimely docketed without regard to any substantive arguments that may be presented by the movant. In fact, any number of bases may serve to support a discretionary denial of a motion to docket an appeal out of time including the degree of untimeliness, the contemporaneous failure to observe other docketing requirements, failure to follow Supreme Court Rule 5.051 (2006 Kan. Ct. R. Annot. 34) after dismissal by the district court, a summary belief that the appeal lacks merit, or a general concern for judicial economy.

Accordingly, a motion to docket an appeal out of time is not *necessarily* denied based upon the arguments contained in the motion itself but, rather, may be denied pursuant to this court's independent responsibility to enforce the appellate rules. Accordingly, a determination of the issues raised by a motion to docket an appeal out of time is not *necessary* to support the denial by this court of a motion to docket an appeal out of time and, therefore, does not serve to bar the relitigation of the issues raised in a subsequent 60-1507 motion, despite the finality of the prior proceeding.

In a manner wholly consistent with our analysis, our Supreme Court has acknowledged that a dismissal of an appeal by a district court pursuant to Supreme Court Rule 5.051 and a subsequent denial of a motion to docket an appeal out of time by our court

does *not necessarily* bar an appeal under 60-1507 for ineffective assistance of counsel if the facts warrant. See *City of Kansas City v. Lopp*, 269 Kan. 159, 161, 4 P.3d 592 (2000).

We hold that on the facts of the case, whether analyzed under res judicata or collateral estoppel, this court's denial of Fowler's motion to docket an appeal out of time does not bar his subsequent 60-1507 motion requesting the same relief.

### Did the District Court Err in Concluding an Ortiz Exception Cannot Operate to Save a Defendant's Failure to Perfect Appeal on Basis that Appeal Could Raise No Meritorious Issues?

The district court denied Fowler's 60-1507 motion after an evidentiary hearing on the basis that "at the time the appeal was filed there was no meritorious basis to file [his] appeal." We must determine whether the factual findings of the district were supported by substantial competent evidence and whether those findings were sufficient to support its conclusions of law. *Lewis v. State*, 33 Kan. App. 2d 634, 111 P.3d 636, *rev. denied* 277 Kan. 924 (2003). Where the *Ortiz* exception is the subject before the district court, the ultimate legal determination whether the facts fit an exception is reviewed de novo. *State v. Phinney*, 280 Kan. 394, 122 P.3d 356 (2005).

At the outset, we respectfully disagree with the district court in its conclusion that *Ortiz* does not operate to save an appeal that the district court believes has no merit. This conclusion places the cart before the horse in supposing that a district court need not honor an *Ortiz* exception if the district court believes "there was no meritorious basis to file [the] appeal." A district court may not avoid making an *Ortiz* determination based upon that court's predilection of both the potential bases and outcome of any conceivable appeal. *Ortiz* establishes an exception to the jurisdictional aspect of filing a timely notice of appeal. Our appellate courts have consistently stated that where the narrow exceptional circumstances outlined by *Ortiz* are met, the appeal *must* be permitted to proceed out of time. See, *e.g.*, *Phinney*, 280 Kan. 394, Syl. ¶ 3.

With regard to the district court's findings that "it [was] pure speculation to find that [Fowler's] appeal would have taken more than 11.5 months to decide" and "would have had the benefit of the *McAdam* decision," we also disagree. Noting that Fowler's appeal could have been timely docketed on March 1, 2003, and that this was slightly more than 14 months after *McAdam* was docketed, we agree with Fowler that "it is highly unlikely that Mr. Fowler's appeal would have been decided prior to *McAdam*." Moreover, we note that Fowler's appeal would have been docketed only 11 months when the Supreme Court released its *McAdam* opinion. Although there can be no certainty in such matters, we note that our Supreme Court concluded in *Phinney* that an appeal that could have been timely filed more than 1 year prior to the decision in *State v. Frazier*, 30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002), should have the benefit of *Frazier's* ruling. *Phinney*, 280 Kan. at 406-07.

We conclude that the district court erred in its findings and conclusions in denying Fowler's 60-1507 motion, thus requiring that we reverse.

### What is the Proper Disposition of an Appeal Where the District Court Erroneously Denied a K.S.A. 60-1507 Motion Seeking McAdam Relief Based on an Ortiz Exception?

Fowler requests this court to "set aside the district court's decision and either allow him to be resentenced or docket his appeal out-of-time." Where the record is factually and legally sufficient to support an *Ortiz* determination, there is no need for a remand to address this issue and an appellate court is empowered to make the determination. *Phinney*, 280 Kan. at 403.

Here, the undisputed evidence demonstrates that Fowler directed that a notice of appeal be filed, and thereafter counsel was contacted on numerous occasions regarding the status of the appeal. Contrary to the true status of Fowler's appeal, counsel consistently informed Fowler and his family that the appeal was "pending." We note that counsel did not testify at the evidentiary hearing (which would have been preferable), but we decline to second-guess the strategy or obstacles that may explain this omission.

Where a criminal defendant is furnished an attorney who failed to perfect and complete an appeal, or should have been furnished an attorney to do so, one of the narrow exceptions outlined by *Ortiz* has been established and the defendant must be permitted to pursue an appeal out of time. *Ortiz*, 230 Kan. at 735-36.

Having determined that Fowler's appeal is properly before this court, having determined that the appeal would likely have been pending at the time *McAdam* was decided, and having determined from our examination of Fowler's 60-1507 motion that the exclusive relief sought therein was resentencing under *McAdam,* we conclude that Fowler is entitled to *McAdam* relief. See *Phinney*, 280 Kan. at 406-07. We must remand for Fowler to be resentenced for a severity level 3 drug felony.

Reversed and remanded with directions.