NOT DESIGNATED FOR PUBLICATION

Nos. 115,943
116,221

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
SHAYNE THOMAS.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed April 21, 2017. Vacated and remanded with directions.

*Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellant.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellee.

Before LEBEN, P.J., PIERRON and BRUNS, JJ.

*Per Curiam*: The State of Kansas appeals the district court's dismissal with prejudice of two actions filed against Shayne Thomas under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq*. The only issue on appeal is whether the district court appropriately dismissed these actions with prejudice. For the reasons set forth in this opinion, we find that the district court erred in dismissing the actions with prejudice. Accordingly, we vacate both orders of dismissal with prejudice entered by the district court. Moreover, we direct the district court to enter an order dismissing the 2014 case without prejudice. Finally, we direct the district court to reinstate the 2015 case so that the parties may proceed with the resolution of their claims and defenses on the merits.

1

The material facts are undisputed. In 2006, Thomas was convicted of aggravated indecent liberties with a child and attempted rape. He was subsequently sentenced to 100 months in prison. Prior to his release from prison in 2014, the State filed a petition in district court seeking a determination that Thomas is a sexually violent predator and requesting that he be involuntarily committed to the sexual predator treatment program at Larned State Hospital.

On June 2, 2014, the district court held a hearing to determine whether there was probable cause to detain Thomas as a sexually violent predator. The district court, after considering the evidence and arguments presented, found there was probable cause to believe that Thomas is a sexually violent predator. Accordingly, the district court ordered the Butler County Sheriff to transport Thomas to Larned State Hospital for further evaluation.

Thomas filed a motion for immediate release on the grounds that the Kansas Sexually Violent Predator Act is unconstitutional. Specifically, Thomas argued that the State violated his equal protection rights. Thomas also filed two motions to dismiss. The first motion asserted that he had been declared legally incompetent and was incapable of giving consent to the mental health examination performed by the health care provider that had testified at the probable cause hearing. The second motion asserted that the State had not served his legal guardian with process. A few weeks later, Thomas filed another motion seeking immediate release.

On August 29, 2014, the district court held a hearing to address the pending motions. At the hearing, the district court denied Thomas' motions for immediate release. In addition, the district court denied Thomas' motions to dismiss.

2

Thomas filed a petition for writ of habeas corpus with the Kansas Supreme Court on December 17, 2014, requesting that the district court dismiss the case filed against him pursuant to the Kansas Sexually Violent Predator Act for lack of service of process. On August 27, 2015, the Kansas Supreme Court in *In re Care & Treatment of Thomas*, No. 112,943, issued an order directing the district court to "dismiss the sexually violent predator action filed against Petitioner because the State failed to obtain valid service of process." However, the order was silent as to whether the district court should dismiss the case with or without prejudice. Likewise, the order did not address Thomas' request to prohibit the State from filing a second petition.

Evidently, the district court was prepared to file an order dismissing the 2014 case on September 1, 2015. It also appears that the State may have advised the district court that it would be submitting a few proposed changes to the district court's proposed order of dismissal. Instead, the State filed a notice of voluntary dismissal and filed a new petition seeking to commit Thomas to the sexually predator treatment program. The next day, the district court dismissed both the initial case as well as the new petition with prejudice.

On September 16, 2015, the State filed a motion for clarification or modification of order with the Kansas Supreme Court in *In re Care & Treatment of Thomas*, No. 112,943. Specifically, the State asked whether the order directed the district court to dismiss the initial action with or without prejudice. The Kansas Supreme Court entered an order denying the State's motion for clarification or modification without explanation on October 1, 2015.

Thereafter, the district court denied motions to alter or amend filed by the State in both cases. The State filed timely notices of appeal in each case. Because they involve the same parties and issue, we consolidated the cases for the purposes of appeal.

3

The State contends that the district court erred in dismissing these actions with prejudice. Our review of a district court's dismissal of an action on jurisdictional grounds involves a question of law and is unlimited. See *Aeroflex Wichita, Inc. v. Filardo*, 294 Kan. 258, 270, 275 P.3d 869 (2012); *Merriman v. Crompton Corp.*, 282 Kan. 433, 439, 146 P.3d 162 (2006); 5B Wright & Miller, Federal Practice and Procedure:  Civil, § 1351, p. 314 (3d ed. 2004). Nevertheless, Thomas contends that we should review this case for abuse of discretion. Although we disagree with Thomas' contention regarding the standard of review, the result would be the same under either standard because a mistake of law by the district court would also constitute an abuse of discretion. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

We understand the district court's confusion because the order issued by the Kansas Supreme Court directing dismissal of the 2014 case did not specify whether the dismissal should be with or without prejudice. Likewise, the order did not address the issue of whether the State could file another petition pursuant to the Kansas Sexually Violent Predator Act against Thomas. In addition, the Kansas Supreme Court denied the State's motion for clarification or modification of the order without explanation. Thus, we will attempt to answer this procedural question.

K.S.A. 2016 Supp. 60-241(b)(1) states:

> "If the plaintiff fails to prosecute or to comply with this chapter or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this paragraph and any dismissal not under this section, *except one for lack of jurisdiction*, improper venue or failure to join a party under K.S.A. 60-219, and amendments thereto, operates as an adjudication on the merits." (Emphasis added.)

Accordingly, an involuntary dismissal is generally an adjudication on the merits. However, there are several exceptions to this general rule. See *In re Care & Treatment of Johnson*, 32 Kan. App. 2d 525, 531, 85 P.3d 1252 (2004) (recognizing as a general principal that a dismissal for lack of jurisdiction, specifically subject matter jurisdiction, does not count as an adjudication on the merits); *Anderson v. Richard*, No. 112,027, 2015 WL 802759, at *4 (Kan. App. 2015) (unpublished opinion) (finding the trial court erred by dismissing a case with prejudice for failure to join parties). The one that is relevant to this case involves involuntary dismissals for lack of jurisdiction. Based on the plain language of the statute, such dismissals do not operate as an adjudication on the merits.

Personal jurisdiction may be only be acquired by the issuance and service of process in the method prescribed by statute or by a voluntary entry of appearance. See *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, 812, 987 P.2d 1096 (1999); *Hajda v. University of Kansas Hosp. Auth.*, 51 Kan. App. 2d 761, 767, 356 P.3d 1 (2015), *rev. denied* 303 Kan. 1077 (2016). Accordingly, a failure to serve process is a jurisdictional defect. Here, our Supreme Court clearly ordered the district court to dismiss the 2014 case for "[failure] to obtain valid service of process." Thus, the district court should have considered the dismissal of the 2014 case to be an adjudication not on the merits.

In light of the above analysis, we conclude that the district court should have dismissed the 2014 case without prejudice. Moreover, because the 2014 case should have been dismissed without prejudice, the district court also erred in dismissing the 2015 case. As such, we find that the district court should reinstate the 2015 action and permit the State to attempt to properly obtain service of process if it has not already done so. Nothing in this opinion should be construed to limit any other defenses that may be available to Thomas.

In summary, we vacate both orders of dismissal entered by the district court. We direct the district court to enter an order dismissing the 2014 case without prejudice.

5

Furthermore, we direct the district court to reinstate the 2015 case so that the parties may proceed with the resolution of their claims and defenses on the merits.

Vacated and remanded with directions.