NOT DESIGNATED FOR PUBLICATION

No. 116,295

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MCKAY J. KEMBLE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed September 8, 2017. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GARDNER, J., and STUTZMAN, S.J.


PER CURIAM: McKay J. Kemble was convicted of violating the Kansas Offender Registration Act (KORA). He contends the district court abused its discretion when it granted him a downward durational departure from the presumed sentence but did not depart to the extent he requested. We find no error in the district court's exercise of its sentencing discretion and affirm Kemble's sentence.

1

FACTS AND PROCEDURAL BACKGROUND

On January 11, 2016, pursuant a plea agreement, Kemble pled guilty to a second offense of violating his obligations under KORA, constituting a nondrug severity level 5, person felony. In exchange for the plea the State agreed, among other things, to recommend that the court grant a durational departure from the presumed standard 57-month prison sentence to 40 months, based on Kemble's acceptance of responsibility, the amount of prison time he would need to serve from previous cases, and the agreement of the parties.

Before he was sentenced, Kemble filed a motion for an even greater durational departure—to 30 months. In support of his motion, Kemble argued that he admitted his guilt and that the State had joined in his request for a durational departure. Additionally, he contended that since he had committed no new crimes, the degree of harm attributed to his failure to register was significantly less than typical for such an offense. Kemble explained that he registered in January and February 2015 and that his failure to register in May was a mistake because he thought he did not have to register again until June. He acknowledged that this would not have been a legal defense to the crime, but he maintained it demonstrated his willingness to comply with the registration requirements. Finally, Kemble argued that he had been working to improve his life by gaining employment, which allowed him to move out of a rescue mission and into his own place. He stated that he was attempting to be a productive member of society.

The district court took up Kemble's sentencing on February 24, 2016. The State asked the court to adopt the findings and recommendations in the plea agreement, including the downward durational departure to a 40-month sentence. Kemble argued in support of his motion for a departure to 30 months. The district court noted Kemble's criminal history score established a sentencing range of 53 to 60 months of imprisonment and found substantial and compelling reasons to depart, but it found no reason to reduce

Kemble's sentence down to 30 months, which was half of his potential presumed maximum. Accordingly, the district court imposed a 40-month prison sentence, followed by 24 months of postrelease supervision.

Kemble timely filed a notice of appeal, but he failed to timely docket the appeal under Supreme Court Rule 2.04 (2017 Kan. S. Ct. R. 15) or to request an extension of time to docket it before the deadline expired. As a result, the district court dismissed the appeal on July 14, 2016, under Supreme Court Rule 5.051 (2017 Kan. S. Ct. R. 32). On August 3, 2016, Kemble filed a motion to docket out of time, which this court granted.

Although Kemble did not follow the proper procedure for reinstating an appeal that has been dismissed by the district court, an appellate court's rules governing procedure and time limits are not jurisdictional. See *Adams v. St. Francis Regional Med. Center*, 264 Kan. 144, 151, 955 P.2d 1169 (1998). While the timely filing of a notice of appeal is jurisdictional and is based on the statutory deadline, "most of the subsequent steps in prosecuting an appeal are generally provided by appellate rule and are enforceable as this court deems appropriate in its discretion." *Fowler v. State*, 37 Kan. App. 2d 477, 480-81, 154 P.3d 550 (2007); see *Adams*, 264 Kan. at 151. Thus, an appellant's failure to take the proper steps to secure appellate review does not affect this court's jurisdiction to entertain the appeal so long as the initial notice of appeal was timely filed as required by K.S.A. 2016 Supp. 22-3608(c). *In re McDaniel*, 54 Kan. App. 2d 197, 208, 399 P.3d 222 (2017). Given that Kemble's notice of appeal was timely filed and neither party argues that this court should use its discretion to enforce the district court's dismissal of the appeal, we find we have jurisdiction to address the merits of Kemble's appeal.

ANALYSIS

Kemble's sole issue on appeal concerns the extent to which the district court departed from the presumptive guidelines sentence. He argues the district court abused its discretion by not ordering a greater durational departure than that which the court granted.

The Kansas Supreme Court held in *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014), that an appellate court possesses jurisdiction to review any departure sentence and that a criminal defendant may properly challenge the extent of a downward sentencing departure. When a defendant challenges the extent of a departure on appeal, the court reviews the matter for an abuse of judicial discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011) (when extent of durational departure is challenged, appellate review is for abuse of discretion, measuring whether departure was consistent with purposes of the guidelines and proportionate to crime severity and defendant's criminal history). There are three ways that a district court can abuse its discretion: (1) if no reasonable person would have taken the view it adopted; (2) if its action was based on an error of law; or (3) if its action was based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party alleging an abuse of judicial discretion bears the burden of establishing it. See *State v. Stafford*, 296 Kan. 25, 40, 290 P.3d 562 (2012). Since Kemble alleges no factual or legal error by the district court, we may find an abuse of discretion only if we conclude that no reasonable person would have taken the view adopted by the trial court.

Kemble attempts to establish abuse of discretion by emphasizing the arguments in his motion to depart, including his explanation about how the KORA violation occurred, his efforts to improve his life circumstances, and the absence of any new crime other than the failure to register. He contends those factors should have been considered by the district court.

4

While Kemble was free to argue for a lesser sentence under the terms of the plea agreement, it was well within the district court's discretion to decide whether those additional facts merited an even greater departure than was recommended by the State. We conclude a reasonable person could have reached the district court's conclusion that all the facts presented were substantial and compelling support for the departure to a 40-month sentence, but no more. Kemble has shown no abuse of discretion.

Affirmed.