NOT DESIGNATED FOR PUBLICATION

No. 116,716

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEVIN D. LOGGINS SR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed August 30, 2019. Affirmed.

*Kevin D. Loggins Sr.*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., BRUNS and WARNER, JJ.


PER CURIAM: Since Kevin D. Loggins Sr.'s convictions were affirmed in 1998, he has sought multiple avenues of relief, including a number of motions for writs of habeas corpus under K.S.A. 60-1507. In 2016, the district court summarily dismissed Loggins' fourth such motion as successive under K.S.A. 60-1507(c). Loggins now appeals that dismissal, arguing that the district court failed to make the findings of fact and conclusions of law required by Kansas Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 228). Loggins also contends that the dismissal of his motion as successive was improper and that he is entitled to relief on the merits of his claims. We affirm.

FACTUAL AND PROCEDURAL HISTORY

In February 1996, a jury convicted Loggins of two counts each of aggravated kidnapping and aggravated robbery, and one count each of aggravated burglary, aggravated sexual battery, and criminal possession of a firearm (February 1996 convictions). Following a bench trial in April 1996, Loggins was convicted of aggravated robbery and criminal possession of a firearm (April 1996 convictions). The district court imposed the sentences in each case consecutively for a controlling term of 678 months in prison. We consolidated the direct appeals from these two cases and affirmed all but one of Loggins' convictions. *State v. Loggins*, Nos. 77,106 and 77,107, unpublished opinion filed May 8, 1998 (Kan. App.), *rev. denied* 265 Kan. 888 (1998) (*Loggins I*).

In the 21 years since his convictions were affirmed, Loggins has pursued multiple avenues of relief from his convictions and sentence: *State v. Loggins*, No. 90,171, 2004 WL 1086970 (Kan. App. 2004) (unpublished opinion), *cert. denied* 543 U.S. 1170 (2005) (motion to correct illegal sentence) (*Loggins II*); *Loggins v. State*, No. 94,723, 2007 WL 2080359 (Kan. App. 2007) (unpublished opinion), *cert. denied* 555 U.S. 840 (2008) (K.S.A. 60-1507 motion) (*Loggins III*); *Loggins v. State*, No. 101,435, 2010 WL 2217105 (Kan. App. 2010) (unpublished opinion) (K.S.A. 60-1507 motion) (*Loggins IV*); *State v. Loggins*, No. 103,345, 2011 WL 3795236 (Kan. App. 2011) (unpublished opinion), *cert. denied* 568 U.S. 834 (2012) (motion to correct illegal sentence) (*Loggins V*); *State v. Loggins*, No. 105,950, 2012 WL 2045362 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1252 (2013) (motion to correct illegal sentence) (*Loggins VI*); *State v. Loggins*, No. 114,578, 2016 WL 4259943 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1326 (2017) (motion for relief under K.S.A. 2015 Supp. 60-260[a] and [b]) (*Loggins VII*); *Loggins v. State*, No. 114,579, 2016 WL 4413504 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1319 (2017) (K.S.A. 60-1507 motion seeking relief under K.S.A. 2015 Supp. 60-260[b]) (*Loggins VIII*).

On January 8, 2016, while Loggins' appeals in *Loggins VII* and *Loggins VIII* were pending before this court, Loggins filed the K.S.A. 60-1507 motion that gives rise to this appeal. In this motion, Loggins alleged that the trial court lacked subject matter jurisdiction over him with respect to his April 1996 convictions because it failed to properly obtain his plea at arraignment.

On January 27, 2016, the district court filed a motion minutes order summarily dismissing Loggins' most recent K.S.A. 60-1507 motion. The order stated in its entirety: "The previous 60-1507 (04CV2780) is on Appeal; the Court finds this current petition for relief an abuse of judicial process, it is repetitive and without merit and is therefore dismissed."

Loggins filed a motion to reconsider before a different judge and a motion to recuse the district court judge. Six weeks later, Loggins filed a document titled "Additional Arguments," where he alleged a violation of his constitutional right to a speedy trial associated with his April 1996 convictions. The district court denied Loggins' motion to reconsider and motion for recusal, and this appeal followed.

On appeal, Loggins claims the district court erred in summarily dismissing his K.S.A. 60-1507 motion in two respects: First, he asserts that the district court's minutes order did not comply with Supreme Court Rule 183(j), which states that a district court considering a K.S.A. 60-1507 motion "must make findings of fact and conclusions of law on all issues presented." (2019 Kan. S. Ct. R. 230.) Second, he argues that the district court's summary dismissal of his motion as successive was improper and that he is entitled to relief on the merits of his claims that the trial court in case No. 95 CR 1616 failed to properly obtain his plea at arraignment and violated his constitutional right to a speedy trial.

DISCUSSION

1. *The record allows adequate review of the district court's summary dismissal of Loggins' motion.*

Loggins argues that the district court's order dismissing his K.S.A. 60-1507 motion violated Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 228) by making insufficient findings of fact and conclusions of law. Whether a district court complied with Rule 183(j) involves a question of law subject to unlimited review. *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

As a preliminary matter, even though Loggins filed a motion for reconsideration of the district court's minutes order, Loggins never asserted below that the order contained inadequate findings of fact and conclusions of law. He therefore gave the court no opportunity to correct any claimed deficiencies or clarify its rulings. See *McIntyre v. State*, 305 Kan. 616, 618, 385 P.3d 930 (2016) ("litigants and their counsel bear the responsibility for objecting to inadequate findings of fact and conclusions of law in order to give the trial court the opportunity to correct such inadequacies"). As a result, we may presume the district court found all facts necessary to support its judgment. See *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015).

We further observe that the aim of Rule 183(j) is to develop a court record that allows for meaningful appellate review of the district court's decision. See *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003). Here, any inadequacy in the district court's compliance with Rule 183(j) does not hinder our ability to review whether Loggins was entitled to an evidentiary hearing—a question over which our review is unlimited. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). In particular, the minutes order here makes clear that the district court summarily dismissed Loggins' motion because it was repetitive—that is, in the language of K.S.A. 2018 Supp. 60-1507(c), "successive"—and constituted an abuse of judicial process. See *State v.*

4

*Wilson*, 308 Kan. 516, 527, 421 P.3d 742 (2018) (finding remand for failure to comply with Rule 183[j] unnecessary where it did not impede appellate review of issue). The record before us is adequate to review the court's ruling, and we do so.

2. *The district court did not err in dismissing Loggins' present K.S.A. 60-1507 motion as successive.*

A prisoner generally is entitled to a hearing on a K.S.A. 60-1507 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 2018 Supp. 60-1507(b); *Beauclair v. State*, 308 Kan. 284, 302, 419 P.3d 1180 (2018). When the district court summarily dismisses a K.S.A. 60-1507 motion, as the court did here, we review that dismissal de novo to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales*, 300 Kan. at 881.

A district court is not required to entertain a second or successive K.S.A. 60-1507 motion for similar relief on behalf of the same prisoner. See K.S.A. 2018 Supp. 60-1507(c); *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011); Supreme Court Rule 183(d). Loggins has filed at least three previous K.S.A. 60-1507 motions. See *Loggins VIII*, 2016 WL 4413504; *Loggins IV*, 2010 WL 2217105; *Loggins III*, 2007 WL 2080359. Thus, in order to avoid dismissal of his current motion as an abuse of remedy under K.S.A. 2018 Supp. 60-1507(c), Loggins must establish exceptional circumstances exist that warrant consideration of his current claims. *Beauclair*, 308 Kan. at 304; see *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013) ("A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground."). Our Kansas Supreme Court has defined exceptional circumstances as "unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding [K.S.A.] 60-1507 motion." *State v. Mitchell*, 284 Kan. 374, Syl. ¶ 5, 162 P.3d 18 (2007).

Loggins bears the burden of demonstrating exceptional circumstances justify review of his successive K.S.A. 60-1507 motion. *Beauclair*, 308 Kan. at 304. But he does not allege any such circumstances exist. Instead, Loggins argues that the exceptional circumstances requirement applies only to trial errors affecting constitutional rights, not to jurisdictional questions. Loggins suggests that he should be allowed to raise his claims involving arraignment and speedy trial because—Loggins asserts in his brief—these issues involve jurisdictional claims that can be raised at any time.

While it is true that Kansas courts have routinely observed that questions of subject matter jurisdiction can be raised "at any time," there remain reasons why courts may decline to reach the merits of jurisdictional issues. For example, jurisdictional arguments may be barred by claim or issue preclusion. See, e.g., *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1023-26, 58 P.3d 1284 (2002) (parties were bound by bankruptcy court's previous conclusions regarding jurisdiction); *In re Care & Treatment of Johnson*, 32 Kan. App. 2d 525, 531, 85 P.3d 1252 (2004) ("While granting a motion to dismiss for lack of subject matter jurisdiction is not a decision on the merits, however, it does have a res judicata effect on the question of jurisdiction.").

On a basic level, before a party may argue the merits of a jurisdictional claim, there must be a procedural mechanism for presenting the question to the court. See *Trotter*, 296 Kan. at 905 (holding that movant could not use K.S.A. 60-1507 motion to present subject matter jurisdiction argument for first time when he was procedurally barred from bringing his K.S.A. 60-1507 motion). A K.S.A. 60-1507 motion is the mechanism for postconviction relief from the judgment of conviction, and that mechanism is unavailable to Loggins absent exceptional circumstances excusing his failure to raise his current claims in a prior proceeding.

We further note that the prohibition against successive K.S.A. 60-1507 motions is consistent with traditional notions of claim preclusion, barring not only claims actually raised in prior motions but also those claims that could have been raised in a prior motion. *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122 (2008); see *Fowler v. State*, 37 Kan. App. 2d 477, 480-82, 154 P.3d 550 (2007). Any claim relating to Loggins' arraignment or his right to a speedy trial could have been raised on direct appeal or in his prior K.S.A. 60-1507 motions. Loggins has not provided this court with any unusual events or intervening changes in Kansas law that prevented him from being aware of and raising these issues.

In fact, Loggins challenged his arraignment for his February 1996 convictions in his first two K.S.A. 60-1507 motions and in his K.S.A. 60-260 motion. See *Loggins VII*, 2016 WL 4259943, at *2 ("Loggins claims the district court lacked subject matter jurisdiction in his case because he was never properly arraigned."); *Loggins IV*, 2010 WL 2217105, at *3 ("We have reviewed the transcript excerpts provided by Loggins, and they do not raise an issue regarding his presence at arraignment."); *Loggins III*, 2007 WL 2080359, at *6 ("There was sufficient competent evidence to support the district court's finding that Loggins was properly arraigned on all charges.").

Although Loggins currently seeks to challenge his arraignment leading to his April 1996 convictions, the two cases were tried around the same time and were consolidated on direct appeal. While the supporting arguments may differ, we find that Loggins essentially seeks successive consideration of the same issue. This does not constitute an exceptional circumstance warranting review of a successive motion. Accord *Dawson v. State*, No. 94,720, 2006 WL 3877559, at *2 (Kan. App. 2010) (unpublished opinion) (holding movant did not establish exceptional circumstances that prevented him from presenting all permutations of ineffective assistance of counsel in first K.S.A. 60-1507 motion; therefore movant "should not be permitted to piecemeal an issue of ineffective assistance of counsel to circumvent Supreme Court Rule 183[d]").

As for Loggins' speedy trial argument, this issue is not properly before us because he did not raise it in his current K.S.A. 60-1507 motion. Instead, Loggins first raised the issue in a filing titled "Additional Arguments," several weeks after his motion was denied. There is nothing in the record showing that the district court ever ruled on this motion or entered a final appealable order. See K.S.A. 2018 Supp. 60-2102(a)(4) (appeal permitted as matter of right from "[a] final decision in any action").

But even if we were to construe the "Additional Arguments" filing as an addendum to his motion for reconsideration, Loggins provides no legal authority to support his assertion that a speedy trial violation involves a jurisdictional issue that may be raised at any time. To the contrary, the Kansas Supreme Court has stated that a violation of a criminal defendant's statutory or constitutional speedy trial rights does not deprive a district court of jurisdiction. See *State v. Rodriguez*, 254 Kan. 768, 775, 869 P.2d 631 (1994) (right to a speedy trial is a personal right that may be waived and a violation does not affect the jurisdiction of the court). And Loggins provides no explanation for why his speedy trial claim was not raised in this motion, in any of his previous challenges, or as part of his direct appeal.

Loggins had the burden to demonstrate exceptional circumstances necessary to justify consideration of his fourth K.S.A. 60-1507 motion. See *Beauclair*, 308 Kan. at 304. Given Loggins' failure to do so, the district court did not err by summarily dismissing his motion as successive.

Affirmed.