NOT DESIGNATED FOR PUBLICATION

No. 122,635

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHARLES WINSTON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed November 25, 2020. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Marc A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Charles Winston appeals the district court's dismissal of his appeal. Because the district court was well within its authority to dismiss the appeal when Winston failed to docket it, we affirm.

We note that Winston was convicted of first-degree murder and attempted first-degree murder and his convictions were affirmed on appeal. *State v. Winston*, 281 Kan. 1114, 1116, 135 P.3d 1072 (2006). Then, in October 2017, Winston filed his third K.S.A.

1

60-1507 motion, which the court summarily denied as untimely. Winston followed this with three successive motions to alter or amend the judgment; all were denied. The first was denied on November 21, 2017. After that, Winston filed a notice of appeal on January 24, 2018. Several attorneys have represented Winston in this matter.

The court appointed Gerald Wells on February 20, 2018, as counsel for Winston's appeal. Wells did not docket the appeal. The State, on March 26, 2019, moved to dismiss the appeal under Supreme Court Rule 5.051. (2020 Kan. S. Ct. R. 32.) Wells responded by asking this court to docket the appeal out of time and filed a proposed docketing statement with the Clerk of the Appellate Courts under case no. 120,978.

In the motion, Wells blamed the delay on missing documents from the district court's electronic files and argued Winston should be allowed to docket his appeal out of time under *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982), and *Albright v. State*, 292 Kan. 193, Syl. ¶ 5, 251 P.3d 52 (2011). At the same time, Wells filed a motion in the district court arguing that because he had now docketed the appeal, the district court lacked jurisdiction to dismiss it. The State responded by contending that the district court could still dismiss the appeal because Wells' motion to docket out of time had not been granted by this court.

The district court advised the parties it would not rule on the motion until this court had ruled on the motion to docket the appeal out of time. This court denied Winston's motion to docket out of time "on present showing" on April 9, 2019. This court later denied Wells' motion for reconsideration. No petition for review of the denial of the motion for reconsideration has been filed.

Wells then asked the district court for several things. First, he asked for a finding that Winston met the exceptions to the requirement of a timely appeal under *Ortiz* and *Albright*. In the alternative, he asked for an *Albright* hearing. Next, he asked for an order

2

allowing him to withdraw and for the appointment of new appellate counsel. In May 2019, unaware of this court's ruling, the district court appointed David Matthews to represent Winston.

Ultimately, the district court on August 19, 2019, granted the State's motion to dismiss Winston's appeal. Matthews filed a notice of appeal on August 23, 2019, specifically appealing the district court's August 19 dismissal order. He did not seek reinstatement of the original appeal with this court. The court then appointed Joseph Desch to represent Winston on appeal.

To us, Winston contends the district court erroneously applied Rule 5.051 to dismiss his appeal because Wells was ineffective for failing to docket the appeal. He argues that Rule 5.051 contains permissive language so that the district court is not required to dismiss his appeal. He asks us to reverse the district court's dismissal and remand to the district court for appointment of counsel with directions to seek the reinstatement of his appeal. He does not say what he would do differently if given another chance to docket the appeal.

The State attacks Winston's position in three ways. First, the State contends this court lacks jurisdiction to hear Winston's appeal because the district court's decision was not a final decision since this court could have revived the appeal for good cause shown upon a motion for reinstatement. Second, the State contends this court lacks jurisdiction to address the merits of Winston's underlying K.S.A. 60-1507 motion because his notice of appeal of that dismissal was outside the 30-day time limit. Finally, the State contends the district court did not err by dismissing his appeal after Winston failed to docket it.

At the heart of this matter is Rule 5.051. It allows a district court to dismiss appeals that are not docketed.

3

"(a) District Court's Jurisdiction to Dismiss an Appeal. When an appellant has filed a notice of appeal in the district court, but has failed to docket the appeal in compliance with Rule 2.04, the appeal is presumed abandoned and the district court may enter an order dismissing the appeal.

"(b) Finality of Order of Dismissal. A district court's order of dismissal pursuant to subsection (a) is final unless:

(1) the appellant, no later than 30 days after entry of the order:

(A) files with the clerk of the appellate courts in compliance with Rule 5.01 an application for reinstatement showing good cause for reinstatement; and

(B) submits all documents and pays the docket fee required by Rule 2.04, unless payment is excused; and

(2) the appellate court having jurisdiction of the appeal reinstates it for good cause shown." (2020 Kan. S. Ct. R. 32-33.)

The State asserts that this court lacks jurisdiction over this appeal because the district court's dismissal was not a final decision. We reject that assertion. Rule 5.051 states the district court's dismissal "is final unless" and gives a scenario where the district court's dismissal would not be final. That is, the dismissal would not be final if, no later than 30 days after the dismissal, Winston had asked for reinstatement with this court and we had reinstated the appeal for good cause shown. But Winston did not do that here. Therefore, the district court's dismissal was "final." We see no merit in this appeal.

While the district court cannot reverse this court and docket an appeal which this court has refused to docket, a dismissal of an appeal by the district court and denial of a motion to docket the appeal out of time by our court does not necessarily bar subsequent relief under K.S.A. 60-1507. If the facts show ineffective assistance of counsel, relief may be warranted. See *City of Kansas City v. Lopp*, 269 Kan. 159, 161, 4 P.3d 592 (2000); *Fowler v. State*, 37 Kan. App. 2d 477, 481-82, 154 P.3d 550 (2007).

On the merits of Winston's claim, he is correct that Rule 5.051 says the district court "may" dismiss the appeal. But Winston fails to show any abuse of discretion by the

court. The relief Winston seeks is a reversal of the dismissal and an order directing his counsel to again try to docket his appeal with this court under an *Albright* exception.

But Wells had already filed a motion to docket out of time and a motion for reconsideration with this court contending he met exceptions to the requirement of a timely docketed appeal under *Ortiz* and *Albright*. This court's motions panel denied his motion. Winston's true grievance appears to be with that decision, but Winston did not file a petition for review.

This appeal only concerns the propriety of the district court's dismissal; this is not a review of the motion panel's decision in the other case (120,978). Moreover, Winston does not offer anything new that was not before the motions panel. If there is nothing new to argue, then reversal is futile. If Wells failed to argue something important in his motion to docket out of time, then Winston can pursue relief under K.S.A. 60-1507. Winston failed to docket his appeal and it was presumed abandoned under Rule 5.051. The district court then followed Rule 5.051 and dismissed the appeal. He could have subsequently filed a motion for reinstatement with this court, but he did not. Winston has shown no error by the district court.

We affirm the district court's dismissal of Winston's appeal.