No. 83,815

CITY OF KANSAS CITY, KANSAS, *Appellee,*
v. CARL G. LOPP, *Appellant.*
(4 P.3d 592)

Opinion filed April 21, 2000.

*Matthew T. Geiger*, of Byran Cave LLP, of Overland Park, argued the cause, and *Jeffrey D. Morris*, of the same firm, was with him on the brief for appellant.

*Delia M. York*, assistant attorney general, argued the cause, and *Carla J. Stovall*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This matter is before the court to consider the Court of Appeals' order denying appellant Carl G. Lopp's motion to docket his appeal out of time.

Lopp owns Sauer Castle, a historic structure in Kansas City, Kansas. Appellee Kansas City, Kansas, (City) filed criminal charges against Lopp for failure to maintain the castle. At the district court

level, a jury convicted Lopp on two of nine counts. Lopp was sentenced to 180 days' imprisonment on one count, 90 days on the second count, and fined $3,000. Lopp was then "paroled on the sentence," conditioned on terms of improving and maintaining the castle. His counsel timely filed a notice of appeal on August 1, 1997. However, Lopp's counsel failed to file a timely docketing statement or otherwise take steps to perfect his appeal.

As a result of Lopp's counsel's failure to perfect his appeal, the City obtained an order revoking Lopp's parole on November 4, 1997. Subsequently, Lopp returned to Kansas City from New York to attend his mother's memorial service. He learned that his appeal had not been perfected when he was arrested as a result of his parole revocation. Lopp was allowed to go free because he had no knowledge that his appeal had not been perfected and that his parole had been revoked.

On August 31, 1998, the City filed a motion to dismiss the appeal in the District Court of Wyandotte County. In October 1998, Lopp's counsel faxed a motion to "docket out of time" to the Court of Appeals. That motion was not considered because the necessary paperwork to docket the appeal had not been filed. Court rules and case law make it clear that once the appeal is docketed in the appellate courts, the district court loses jurisdiction. Here, the appeal was never properly docketed, so the district court did not lose jurisdiction.

On January 15, 1999, the district court granted the City's motion to dismiss Lopp's appeal pursuant to Supreme Court Rule 5.051 (1999 Kan. Ct. R. Annot. 31). Rule 5.051 provides:

"The district court shall have jurisdiction to dismiss an appeal where the appellant has filed the notice of appeal in the district court but has failed to docket the appeal with the clerk of the appellate courts. Failure to docket the appeal in compliance with Rule 2.04 shall be deemed to be an abandonment of the appeal and the district court shall enter an order dismissing the appeal. The order of dismissal shall be final unless the appeal is reinstated by the appellate court having jurisdiction of the appeal for good cause shown on application of the appellant made within thirty (30) days after the order of dismissal was entered by the district court. An application for reinstatement of an appeal shall be made in accordance with Rule 5.01 and Rule 2.04 and shall be accompanied by a docket fee unless excused under Rule 2.04."

Lopp next filed a motion in the Court of Appeals to docket the appeal out of time, which the Court of Appeals denied on February 25, 1999. Lopp then hired new counsel who subsequently filed a motion with the *district court* seeking to reinstate the appeal. The district court granted Lopp's motion. The district court clearly had no jurisdiction to reinstate the appeal. Rule 5.051 sets forth the procedure to reinstate the appeal, and Lopp failed to follow the rule. The district court cannot at a later date reverse the Court of Appeals and reinstate an appeal which the Court of Appeals has refused to reinstate. We do not mean to imply, however, that the district court could not permit an appeal under K.S.A. 60-1507 for ineffective assistance of counsel if the facts warranted it.

Lopp then filed a proper docketing statement and motion to docket out of time with the Court of Appeals. Rule 5.051 sets forth that after an appeal is dismissed by the district court, the dismissal is final "unless the appeal is reinstated by the *appellate court* having jurisdiction of the appeal." (Emphasis added.) Furthermore, any motion filed with the appellate court seeking reinstatement of the appeal must be made within 30 days of the order of dismissal and good cause must be shown. The appeal was dismissed by the district court on January 15, 1999. Lopp had until February 15, 1999, to file a motion to reinstate his appeal with the Court of Appeals. Rule 5.051 requires that the motion to reinstate the appeal be made before the appellate court having jurisdiction over the matter, *not* the district court.

Lopp failed to follow Rule 5.051; therefore, the district court had no jurisdiction to reinstate the appeal on July 30, 1999. We have often stated:

"This court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to article 3, § 3 of the Constitution of Kansas, and when the record discloses a lack of jurisdiction it is the duty of this court to dismiss the appeal." *State v. Moses*, 227 Kan. 400, 404, 607 P.2d 477 (1980).

Lopp's motion to docket his appeal out of time is denied. The Court of Appeals' judgment is affirmed.