NOT DESIGNATED FOR PUBLICATION

No. 114,852

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRENT L. ALFORD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed June 2, 2017. Affirmed in part and dismissed in part.

*Carl F.A. Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Brent L. Alford*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*:  Brent L. Alford appeals the district court's denial of his motion to reinstate his appeal of a K.S.A. 60-1507 proceeding that was dismissed for failure to timely docket in 2000. Alford's brief filed by appointed counsel claims the district court erred when it summarily denied the motion to reinstate the appeal. In a pro se supplemental brief, Alford argues that the district court erred in denying his motion to set aside void judgment, and he also argues that he was denied his constitutional right to a speedy and meaningful appeal. We find that the district court did not err in denying

1

Alford's motion to reinstate his appeal, and we also find that the issues raised in Alford's supplemental brief are not properly before this court.

This case presents a lengthy procedural history. In 1993, Alford was convicted of first-degree murder, aggravated kidnapping, and unlawful possession of a firearm. He received a hard 40 life sentence on the murder conviction. The Kansas Supreme Court affirmed Alford's convictions and sentence in 1995. See *State v. Alford*, 257 Kan. 830, 896 P.2d 1059 (1995).

On December 29, 1997, Alford filed a pro se K.S.A. 60-1507 motion, along with a brief in support of the motion. He also filed a motion for appointment of legal counsel. Alford's motion alleged a denial of his right to confrontation, multiplicitous convictions, abuse of discretion at sentencing, and ineffective assistance of trial counsel. On March 20, 1998, the district court summarily denied Alford's K.S.A. 60-1507 motion. The district court found that the first three issues raised in Alford's K.S.A. 60-1507 motion were addressed in his direct appeal. The district court also found there was no merit to Alford's ineffective assistance of counsel claim, which was based primarily on counsel's failure to object to the admission of Alford's written statement to the police, because the Supreme Court had found in the direct appeal that the statement was admissible in any event; thus, Alford was unable to show he was prejudiced by his counsel's performance.

Alford filed a timely notice of appeal from the denial of his K.S.A. 60-1507 motion, absent a separate motion for appointment of legal counsel for the appeal. On July 11, 2000, the State filed a motion to dismiss the appeal citing Alford's "failure to docket his appeal in a timely manner." In an order dated August 17, 2000, the district court dismissed Alford's appeal because it was not timely docketed, citing Kansas Supreme Court Rule 5.051 (2000 Kan. Ct. R. Annot. 33) as the reason for the dismissal. The order dismissing the appeal reflects that a copy was mailed to Alford at the Hutchinson Correctional Facility.

2

On September 8, 2014, Alford filed a motion to reinstate appeal rights. The motion argued that the district court erred in dismissing his appeal because a pending motion for reconsideration had never been ruled on by the district court. Alford's motion did not provide any explanation as to why he waited 14 years to seek reinstatement of his appeal. On May 12, 2015, Alford filed a second document entitled "motion to set aside void judgment," which made essentially the same arguments as the motion to reinstate his appeal. On August 10, 2015, Alford filed a third document entitled "request for leave of court to amend petition to include a contention that petitioner was and has been denied swift and imperative appellate review, and meaningful appeal."

On October 9, 2015, the district court summarily denied Alford's motion to reinstate appeal rights. On October 19, 2015, Alford filed a timely notice of appeal. Alford's notice of appeal stated he was appealing "from a decision denying relief defendant sought pursuant to K.S.A. 60-1507 for the reinstatement of appeal rights (control), void judgment and denial of appellate review and meaningful appeal."

On October 28, 2015, after Alford filed his notice of appeal but before the appeal was docketed, the State filed a response to Alford's motion to set aside void judgment. The district court denied the motion to set aside void judgment on November 4, 2015. The record on appeal does not reflect that the district court has ever ruled on Alford's request for leave of court to include a claim for swift and meaningful appellate review.

Alford's brief filed by appointed counsel claims the district court erred when it denied the motion to reinstate the appeal. Alford contends that his filing of the notice of appeal from the denial of his K.S.A. 60-1507 motion triggered his "statutory right to appointment of appellate counsel." Alford maintains he did not waive his right to counsel and the denial of his right to counsel "effectively resulted in the destruction of his right to appeal." Alford also argues that *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), is applicable in this case and provides a basis for reinstatement of his appeal.

The State argues that once an appeal has been dismissed by the district court for failure to docket in a timely manner, the "dismissal is final" unless the appellant complies with Supreme Court Rule 5.051 (2017 Kan. S. Ct. R. 32). Citing *City of Kansas City v. Lopp*, 269 Kan. 159, 4 P.3d 592 (2000), the State argues that Alford's failure to comply with Rule 5.051 deprived the district court of jurisdiction to reinstate his appeal. Lastly, the State argues that *Ortiz* does not apply in this case.

In Kansas, the right to appeal is governed by statute. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Also, whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015).

Alford's appeal from the denial of his K.S.A. 60-1507 motion was dismissed by the district court in August 2000 based on Alford's failure to docket the appeal in a timely manner. The applicable version of Supreme Court Rule 5.051 in 2000, which is substantially similar to the current version of the rule, stated the following:

> "The district court shall have jurisdiction to dismiss an appeal where the appellant has filed the notice of appeal in the district court but has failed to docket the appeal with the clerk of the appellate courts. Failure to docket the appeal in compliance with Rule 2.04 shall be deemed to be an abandonment of the appeal and the district court shall enter an order dismissing the appeal. The order of dismissal shall be final unless the appeal is reinstated by the appellate court having jurisdiction of the appeal for good cause shown on application of the appellant made within thirty (30) days after the order of dismissal was entered by the district court. An application for reinstatement of an appeal shall be made in accordance with Rule 5.01 and Rule 2.04 and shall be accompanied by a docket fee unless excused under rule 2.04." Supreme Court Rule 5.051 (2000 Kan. Ct. R. Annot. 33).

4

The order dismissing Alford's appeal stated that the appeal was being dismissed "pursuant to Supreme Court Rule No. 5.051 for the movant's failure to docket his appeal in a timely manner." The order reflects that a copy was mailed to Alford. The vehicle for Alford to reinstate his appeal was Rule 5.051. Clearly, Alford's motion to reinstate his appeal, made with the district court over 14 years after the dismissal, did not comply with Rule 5.051. In addition to being untimely, the motion was filed with the wrong court as the rule states the appeal can only be reinstated by the appellate court having jurisdiction over the appeal, not the district court. Based solely on Rule 5.051, the district court did not err in denying Alford's motion to reinstate his appeal.

As the State asserts in its brief, *Lopp* is directly on point. In that case, the district court granted the City's motion to dismiss Lopp's appeal pursuant to Supreme Court Rule 5.051. Lopp next filed a motion in the Court of Appeals to docket the appeal out of time, which the Court of Appeals denied. Lopp then hired new counsel who subsequently filed a motion with the district court seeking to reinstate the appeal, and the district court granted Lopp's motion. Lopp then attempted to file a docketing statement with the Court of Appeals, but the Court of Appeals denied Lopp's attempt to docket his appeal out of time. 269 Kan. at 160-61.

On review, our Supreme Court affirmed the Court of Appeal's judgment. In doing so, our Supreme Court found that "[t]he district court clearly had no jurisdiction to reinstate the appeal." *Lopp*, 269 Kan. at 161. Our Supreme Court determined that Rule 5.051 requires that the motion to reinstate the appeal must be filed with the appellate court having jurisdiction over the matter, *not* the district court. 269 Kan. at 161. Our Supreme Court concluded that "Lopp failed to follow Rule 5.051; therefore, the district court had no jurisdiction to reinstate the appeal." 269 Kan. at 161.

Based on the language of Rule 5.051, as interpreted by our Supreme Court in *Lopp*, we agree with the State that the district court lacked jurisdiction to reinstate

5

Alford's appeal. In the interest of a complete analysis of Alford's claim, it does appear that Alford was denied his statutory right to counsel in his original K.S.A. 60-1507 appeal. Once Alford filed his notice of appeal from the denial of his K.S.A. 60-1507 motion, K.S.A. 1998 Supp. 22-4506(c) and Kansas Supreme Court Rule 183(m) (1998 Kan. Ct. R. Annot. 197) provided for the appointment of appellate counsel by the district court. But even this defect does not confer jurisdiction upon the district court to reinstate Alford's appeal after it had been dismissed for failure to docket. Alford's remedy for failure to receive appellate counsel would be either to attempt to file an appropriate application to reinstate his appeal with the appellate court pursuant to Rule 5.051 or to seek relief under a separate K.S.A. 60-1507 motion. However, we must conclude that the district court did not err when it denied Alford's motion to reinstate his appeal because the district court lacked jurisdiction to grant the motion. See *Lopp*, 269 Kan. at 161.

Finally, Alford argues in his pro se supplemental brief that the district court erred in denying his motion to set aside void judgment and in denying his constitutional right to a speedy and meaningful appeal. These arguments reprise the claims Alford made in the additional motions he filed with his motion to reinstate appeal rights. We conclude these issues are not properly before this court. The record reflects that the district court did not deny Alford's motion to set aside void judgment until after he filed his notice of appeal on October 19, 2015. The record also reflects that the district court has *never* ruled on Alford's request for leave of court to include a claim for swift and meaningful appellate review. Supreme Court Rule 2.03 (2017 Kan. S. Ct. R. 14) allows for a premature notice of appeal if the notice is filed "after a judge of the district court announces a judgment to be entered, but before the actual entry of judgment." However, this rule does not permit an appellate court to review decisions that were not announced in the district court at the time the notice of appeal was filed. Thus, we conclude that this court lacks jurisdiction to address the issues Alford has attempted to raise in his pro se appellate brief.

Affirmed in part and dismissed in part.

6