NOT DESIGNATED FOR PUBLICATION

No. 125,800

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JASON TODD ROSS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral arguments. Opinion filed April 19, 2024. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Jason Todd Ross appeals from the district court's summary denial of his pro se K.S.A. 60-1507 motion and his subsequent K.S.A. 60-259 motion. On appeal, Ross contends that the district court erred when it summarily denied the claims raised in his K.S.A. 60-1507 motion without holding an evidentiary hearing. Ross also contends the district court erred in denying his K.S.A. 60-259 motion. Finally, Ross contends for the first time on appeal that his postconviction counsel provided ineffective assistance of counsel. For the reasons set forth in this opinion, we affirm.

1

FACTS

On April 10, 2017, a jury convicted Ross of three counts of aggravated kidnapping, three counts of aggravated robbery, one count of aggravated burglary, and two counts of aggravated battery. A panel of this court affirmed his convictions on direct appeal. Subsequently, the Kansas Supreme Court denied Ross' petition for review. *State v. Ross*, No. 118,199, 2019 WL 847672 (Kan. App. 2019) (unpublished opinion), *rev. denied* 310 Kan. 1069 (2019).

On June 19, 2020, Ross filed a pro se K.S.A. 60-1507 motion in which he alleged a number of trial errors and also claimed that his trial counsel was ineffective. In the following weeks, Ross filed additional memos and memorandums of law to correct typographical errors and altering the formatting of his motion. Moreover, the State filed a detailed response addressing each of Ross' claims.

On January 11, 2021, the district court summarily denied Ross' K.S.A. 60-1507 motion in a comprehensive 17-page opinion addressing each of Ross' claims. The district court concluded that Ross failed in his burden to show that an evidentiary hearing was warranted. On February 8, 2021, an attorney entered her appearance on his behalf. Although the motion was filed almost 4 years after the conclusion of Ross' trial, and no evidentiary hearing was held on the K.S.A. 60-1507 motion, the attorney filed a purported motion for new trial pursuant to K.S.A. 2020 Supp. 60-259.

Significantly, the motion did not allege any specific reasons for the requested relief nor did it mention Ross' K.S.A. 60-1507 motion. In the motion for a new trial, Ross requested that no hearing be set until a memorandum in support was subsequently filed. On the same date, Ross filed a notice of appeal.

More than a year later, on February 22, 2022, the district court dismissed Ross' notice of appeal for failure to timely file it with this court. In the order dismissing the appeal, the district court found: "The order of dismissal shall be final unless the appeal is reinstated by the appellate court having jurisdiction of the appeal for good cause shown on application of the appellant made pursuant to Rule 5.051 of the Supreme Court." However, a review of the record reveals that no request for reinstatement of the appeal was ever filed.

On April 20, 2022—more than 14 months after the purported motion for new trial was filed—Ross filed a motion to amend the motion for new trial and memorandum in the district court. In addition to arguing that the district court erred in denying his K.S.A. 60-1507 motion, Ross claimed that his notice of appeal was improperly dismissed because the purported motion for new trial had not been ruled on. Additionally, Ross' counsel claimed that the matter had been delayed for several reasons.

On June 1, 2022, two weeks after the State filed its response to the motion to amend, Ross filed another notice of appeal. In addition, Ross filed a reply to the State's response. Ultimately, the district court denied Ross' purported motion for new trial as well as his motion to amend. On the same day, Ross filed a notice of appeal from this ruling.

ANALYSIS

*Appellate Jurisdiction*

At the outset, we will address the State's contention that we do not have appellate jurisdiction because the district court properly dismissed the previous appeal for failure to docket it in a timely manner. In support of its position, the State argues that once an appeal has been dismissed by the district court for failure to docket in a timely manner,

the "dismissal . . . is final" unless the appellant complies with Kansas Supreme Court Rule 5.051(b) (2024 Kan. S. Ct. R. at 34). As a result, the State suggests that Ross' failure to comply with Rule 5.051 deprives this court of jurisdiction to consider this appeal because he failed to seek reinstatement for good cause shown. See *City of Kansas City, Kansas v. Lopp*, 269 Kan. 159, 160-61, 4 P.3d 592 (2000) (motion to reinstate appeal must be made to the appellate court after a district court dismisses an appeal under Rule 5.051.).

As the parties are aware, the right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. *State v. Clark*, 313 Kan. 556, 561, 486 P.3d 591 (2021). Interpretation of a statute is a question of law over which we exercise unlimited review. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022). Whether jurisdiction exists is a question of law, which is also subject to unlimited review. *City of Wichita v. Trotter*, 316 Kan. 310, 312, 514 P.3d 1050 (2022).

Given that K.S.A. 60-1507 motions are civil matters, the movant generally has 30 days from the entry of judgment to file a notice of appeal. K.S.A. 2023 Supp. 60-2103(a). Here, Ross timely filed his appeal from the summary denial of his K.S.A. 60-1507 motion on February 8, 2021. More than a year later, on February 22, 2022, the district court dismissed Ross' appeal from the denial of his K.S.A. 60-1507 motion based on his failure to docket it in a timely manner.

The State is correct in pointing out that under Rule 5.051, we do not have a basis to *reinstate* Ross' appeal from the denial of his K.S.A. 60-1507 motion. But this does not resolve the unique procedural question presented in this case. Although Ross clearly missed the deadline to file an application for reinstatement of his initial notice of appeal, the record reflects that he timely filed a notice of appeal after the district court denied his K.S.A. 60-259 motion. And a timely postjudgment motion filed pursuant to K.S.A. 60-

4

259 stops the appeal time from running. *State v. Swafford*, 306 Kan. 537, 540, 394 P.3d 1188 (2017).

Here, it is undisputed that Ross' K.S.A. 60-259 motion was filed 28 days after the district court's summary denial of the K.S.A. 60-1507 motion. As a result, the timely postjudgment motion stopped the appeal time from running. Then, the appeal time started running again on the date of entry of the district court's order ruling upon the postjudgment motion. K.S.A. 2023 Supp. 60-2103(a).

Significantly, we find that the postjudgment motion filed by Ross—which is labeled a motion for new trial—is actually a motion to alter or amend judgment brought pursuant to K.S.A. 2020 Supp. 60-259(f). In this case, the district court summarily denied Ross' pro se motion without appointing counsel or holding an evidentiary hearing. As such, rather than requesting a motion for new trial, Ross was really asking the district court to *alter or amend* its judgment summarily denying his K.S.A. 60-1507 motion. See *Danes v. St. David's Episcopal Church*, 242 Kan. 822, 823, 752 P.2d 653 (1988) (treating a motion filed as a motion for new trial as a motion to alter or amend due to its substance); *Gilley v. Farmer*, 207 Kan. 536, 540, 485 P.2d 1284 (1971) (substance of a motion, rather than the title, determines its character).

Regardless of how Ross labeled his motion for postjudgment relief, both a motion for new trial under K.S.A. 2020 Supp. 60-259(a) and a motion to alter or amend under K.S.A. 2020 Supp. 60-259(f) must be filed within 28 days of judgment. If this is done, the filing of a K.S.A. 60-259 motion tolls the time for appeal. In addition, we note that K.S.A. 2023 Supp. 60-2103(i) sets forth that "the fact that some ruling of which the appealing or cross-appealing party complains was made more than 30 days before the filing of the notice of appeal shall not prevent a review of the ruling."

Although the procedure utilized by Ross understandably created confusion, it is clear from the record on appeal that the district court ruled on the pending K.S.A. 60-259 motion on August 4, 2022, and Ross filed a timely notice of appeal on the same day. As a result, the filing of Ross' K.S.A. 60-259 motion stopped the appeal time from running under K.S.A. 2020 Supp. 60-2592(f). Accordingly, we conclude the most recent notice of appeal filed by Ross was timely as to both the district court's denial of the K.S.A. 60-259 motion and the summary denial of Ross' K.S.A. 60-1507 motion.

In the alternative, the State points to the lack of substance in the initial K.S.A. 60-259 motion filed by Ross as a basis for its position that we lack jurisdiction. Certainly, this lack of specificity may have a bearing on the merits of the arguments presented by Ross on appeal. Nevertheless, we do not find this lack of specificity to be a jurisdictional issue. Instead, we view the lack of specificity in his K.S.A. 60-259 motion as going to the merits of Ross' arguments.

Since Ross' K.S.A. 60-259 motion failed to assert any alleged errors, we find that it did not provide the district court with any reason to alter or amend its judgment regarding the summary denial of his K.S.A. 60-1507 motion. As we will discuss further in the next section of our opinion, we find Ross' motion to amend the K.S.A. 60-259 motion to be untimely filed. As such, we will not consider the new arguments raised in the motion to amend or in the memorandum of law submitted in support of the motion.

*Summary Denial of K.S.A. 60-1507 Motion*

We now turn to the merits of Ross' arguments. On appeal, Ross first contends that the district court erred in denying his K.S.A. 60-1507 motion without holding an evidentiary hearing. When a district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief.

*Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). The movant—in this case Ross—bears the burden of showing that an evidentiary hearing is warranted. *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

To meet his burden, Ross' contentions must be more than conclusory and must set forth either an evidentiary basis to support these contentions or a basis must be evident from the record. 310 Kan. at 398. Even a pro se movant must offer more than conclusory statements and incomplete facts to support the claims presented in the K.S.A. 60-1507 motion. Otherwise, the motion may be summarily denied. *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018).

On appeal, Ross asserts that an evidentiary hearing was required on two issues. First, whether trial counsel provided ineffective assistance by agreeing to jury instruction Nos. 5, 9, 10, 11, 13, 16, and 18. Second, whether trial counsel provided ineffective assistance of counsel by failing to object to certain evidence introduced by the State which he claims amounted to "prosecutorial error."

Claims of ineffective assistance of counsel are analyzed under the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under the first prong, a defendant must show that the attorney's performance was deficient. If so, we then move to the second prong and determine whether there is a reasonable probability that—absent counsel's alleged deficient performance—the result would have been different. *State v. Evans*, 315 Kan. 211, 217-18, 506 P.3d 260 (2022). When considering a claim of ineffective assistance of counsel, we must presume that defense counsel's conduct fell within the wide range of reasonable professional assistance. In other words, the person claiming that counsel was ineffective must overcome the strong presumption that the attorney's actions resulted from sound trial strategy. *Khalil-Alsalaami v. State*, 313 Kan. 472, 486, 486 P.3d 1216 (2021).

1. *Instructional error*

As to Ross' argument relating to jury instruction Nos. 9, 10, 11, 13, 16, and 18, we find that his K.S.A. 60-1507 motion merely contains the conclusory assertion that his trial counsel was ineffective because he "requested/invited [the] erroneous jury instructions." Ross makes no additional argument in his motion in support of this conclusory assertion. In denying the K.S.A. 60-1507 motion, the district court reviewed each of Ross' claims. The district court determinized that the instructions given were proper, consistent with pattern jury instructions (PIK Crim. 4th), and included the appropriate mental state required for commission of the crimes charged.

To establish a basis for an evidentiary hearing, Ross would need to show that there is a reasonable probability that if trial counsel had not invited the error, the result would have been different. *Evans*, 315 Kan. at 217-18. Our review of Ross' K.S.A. 60-1507 motion and the arguments he asserted in his appellate brief shows that Ross did not meet this burden. Specifically, Ross provides no argument to dispute the findings and conclusions of the district court relating to the jury instructions. He also does not assert that he was prejudiced because of his trial counsel's alleged ineffectiveness.

Ross also argues that trial counsel was ineffective by agreeing to the wording of jury instruction No. 5. We address this argument separately because Ross faces a procedural hurdle on this claim. In his K.S.A. 60-1507 motion, Ross did not assert that his trial counsel was ineffective for inviting error related to instruction No. 5. Rather, his argument regarding ineffective assistance of counsel related to instructional error is limited to the jury instructions previously discussed. Consequently, because Ross failed to raise his argument relating to instruction No. 5 in his K.S.A. 60-1507 motion, we find it to be procedurally barred.

8

2. *Prosecutorial Error*

Next, Ross argues that his trial counsel was ineffective by failing to object to a rebuttal witness who testified about his attempts to solicit a false alibi as well as the introduction of a recording of a call into evidence supporting the rebuttal witness' testimony. In addition, Ross claims his trial counsel should have objected when the State asked him on cross-examination if he had intimidated any witnesses prior to trial.

Once again, Ross only addressed this issue in his K.S.A. 60-1507 motion in a conclusory fashion. In his motion, Ross merely claimed his trial counsel was ineffective for "failing to object to the . . . prosecutorial misconduct" but his K.S.A. 60-1507 motion did not include any reference regarding a failure to object to the testimony of the rebuttal witness regarding a false alibi or any other testimony that he believed was objectionable on the basis that it violated K.S.A. 2019 Supp. 60-455, 60-447, or the district court's order in limine. Additionally, Ross fails to provide any argument on appeal in support of his conclusory assertion nor does he show how he was prejudiced by the alleged ineffectiveness of counsel. As a result, we conclude that Ross did not meet his burden of showing an evidentiary hearing is warranted either in his K.S.A. 60-1507 motion or in his appellate brief.

Finally, regarding this claim, we note that the record shows that Ross admitted during direct examination to asking at least one witness to create a false alibi for him. Under these circumstances, it is unlikely Ross could have shown that but for the alleged ineffectiveness of trial counsel that his jury trial would have resulted in a different outcome. Accordingly, we conclude that the district court did not err in summarily denying Ross' K.S.A. 60-1507 motion.

*Denial of K.S.A. 60-259 Motion*

Ross also contends that the district court erred in denying his K.S.A. 60-259 motion. As previously discussed, the motion was labeled as a motion for new trial under K.S.A. 2020 Supp. 60-259(a). Notwithstanding, a review of the substance of the postjudgment motion as well as the record on appeal reveals that it is actually seeking to alter or amend the district court's judgment summarily denying Ross' K.S.A. 60-1507 motion. Hence, we will treat it as a motion to alter or amend judgment filed under the provisions of K.S.A. 2020 Supp. 60-259(f) rather than a motion for new trial filed under the provisions of K.S.A. 2020 Supp. 60-259(a).

We review a district court's denial of a K.S.A. 60-259 motion for an abuse of discretion. As such, we will not disturb a ruling on a motion to alter or amend judgment unless it has been shown that the district court abused its discretion. *Bd. of Cherokee County Comm'rs v. Kansas Racing & Gaming Comm'n*, 306 Kan 298, 323, 393 P.3d 601 (2017). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *In re Spradling*, 315 Kan. 552, 590, 509 P.3d 483 (2022).

Here, Ross has not shown that the district court abused its discretion in ruling on his K.S.A. 60-259 motion. Moreover, it should be recognized that the purpose of a motion to alter or amend a judgment under K.S.A. 2016 Supp. 60-259(f) is "to correct prior errors." *Akesogenx Corp. v. Zavala*, 55 Kan. App. 2d 22, 38, 407 P.3d 246 (2017) (citing *Antrim, Piper, Wenger, Inc. v. Lowe*, 37 Kan. App. 2d 932, 939, 159 P.3d 215 [2007]). But for the reasons stated previously, Ross has failed to establish that the district court erred in summarily denying his K.S.A. 60-1507 motion.

Furthermore, Ross' K.S.A. 60-259 motion did not identify any grounds on which he was seeking relief. Instead, the motion stated that it would be supplemented at a later

10

date. Additionally, the motion expressly asked the district court to not set the motion for a hearing until after the supplemental memorandum was filed. Then, more than 14 months passed before a motion to amend the K.S.A. 60-259 motion and a memorandum in support of the motion was filed. In these filings, Ross finally attempted to identify the grounds upon which he believed the district court should reconsider its summary denial of his K.S.A. 60-1507 motion.

Although the district court understandably treated Ross' motion as a motion for new trial under K.S.A. 2020 Supp. 60-259(a)—as it was labeled—instead of as a motion to alter or amend judgment under K.S.A. 2020 Supp. 60-259(f), the result is the same. Based on our review of the record on appeal, we find the district court did not abuse its discretion in denying the K.S.A. 60-259 motion regardless of how it was labeled. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) (if a district court reaches the correct result, its decision will be upheld even though it relied on the wrong ground or assigned erroneous reasons for its decision). This is because Ross' K.S.A. 60-259 motion provided only a conclusory assertion of an unidentified error.

We find that Ross' K.S.A. 60-259 motion was completely devoid of substance. As such, we conclude that the district court appropriately exercised its discretion in denying the motion. In addition, we find that Ross has provided no excusable reason for his delay of 14 months before filing the motion to amend. Accordingly, we also find that the district court did not abuse its discretion in denying Ross' motion to amend his K.S.A. 60-259 motion.

*Effectiveness of Postconviction Counsel*

In the alternative, Ross argues for the first time on appeal that his postconviction counsel was also ineffective. Generally, a claim for ineffective assistance of counsel cannot be raised for the first time on appeal. *State v. Dull*, 298 Kan. 832, 839, 317 P.3d

104 (2014). As our Supreme Court has appropriately recognized, a district court is often in a better position to consider an attorney's performance than an appellate court reviewing the issue for the first time from a cold record. *State v. Van Cleave*, 239 Kan. 117, 119-20, 716 P.2d 580 (1986).

Although we may consider a claim of ineffective assistance of counsel for the first time on appeal if the record is sufficient to allow for resolution as a matter of law based on available facts, we are not required to do so. *State v. Salary*, 309 Kan. 479, 483-84, 437 P.3d 953 (2019). "Only under extraordinary circumstances, *i.e.*, where there are no factual issues and the . . . ineffective assistance of counsel test can be applied as a matter of law based upon the appellate record, may an appellate court consider an ineffective assistance of counsel claim without a district court determination of the issue." *Wimbley v. State*, 292 Kan. 796, 807, 275 P.3d 35 (2011). Under the circumstances presented in this case, we decline Ross' invitation to consider this issue for the first time on appeal.

Here, a review of the record reveals that postconviction counsel first entered an appearance for Ross on February 8, 2021. This was 28 days after Ross' K.S.A. 60-1507 motion had been summarily denied by the court. As a result, the deadline for filing a K.S.A. 60-259 motion was about to expire and the deadline for filing a notice of appeal was rapidly approaching. So, counsel immediately filed the first notice of appeal and the K.S.A. 60-259 motion for new trial.

What we cannot determine from the record is why counsel then waited over 14 months until she filed a motion to amend the K.S.A. 60-259 motion and a supplemental memorandum. Perhaps there is a legitimate reason for the delay, but we simply cannot make such a determination based on the current record. At most, we could only speculate as to what occurred from the time counsel entered her appearance until she filed the motion to amend and memorandum of law.

We note that counsel mentioned in the motion to amend that there had been "significant delays due to restrictions on access to prisoners in KDOC custody resulting from COVID protocols and KDOC staffing issues." Likewise, counsel mentioned "difficulties in accessing the records and files in possession of prior trial counsel to conduct investigation into potential claims." Finally, counsel mentioned that she had to take an "unanticipated medical leave" in December 2021 and January 2022. These statements highlight that there are remaining factual issues relating to the question of whether postconviction counsel provided effective assistance as well as regarding her legal strategy for handling posttrial matters. Thus, we find the record to be insufficient to allow for resolution of the matter based on the facts available, and we dismiss the issue of the effectiveness of postconviction counsel's performance presented for the first time on appeal.

Affirmed.